IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

RICKY THOMAS, JR.,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

No. 14 cv 2046 EJM

ORDER

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability income benefits. Briefing concluded January 23, 2015. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to give proper weight to the opinion of plaintiff's examining physician, and failed to develop the record. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Plaintiff is a 36-year-old man with a high school education and past work history as a truck driver and a teacher's aide. He filed an application for disability insurance benefits alleging back injury, shoulder problems and leg numbness. He asserts that the ALJ failed to consider the medical opinions of examining but not treating physician Dr. Arnold Delbridge, M.D.

On February 15, 2013, following a hearing, an administrative law judge ("ALJ") found that plaintiff had severe impairments including obesity, degenerative disc disease, anxiety, and depression, but which did not meet or equal the criteria of any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 12-13). The ALJ further found that plaintiff had the residual function capacity ("RFC") to perform a wide range of light work[1]. Based on vocational expert ("VE") testimony, the ALJ found that this RFC would not preclude plaintiff from performing a significant number of jobs in the national economy such as photocopy machine operator, office helper, mail clerk, order clerk, document preparer and charge account clerk. Consequently, the ALJ found that plaintiff was not disabled as defined in the Act (Tr. 19-20).

---

[1] Light work requires standing or walking for six hours out of an eight-hour workday, lifting no more than twenty pounds at a time, and frequently carrying objects weighing up to ten pounds at a time. See 20 C.F.R. §§ 404.1527(b), 416.967(b); see also Social Security Ruling ("SSR") 83-10, which can be found at http://www.socialsecurity.gov/OP_Home/rulings/di/02/SSR83-10-di-02.html.

Plaintiff alleges the ALJ erred in his consideration of the opinion of Dr. Delbridge, who is not a treating physician, 20 C.F.R. §404.1502, but did perform two independent medical examinations of plaintiff. The ALJ fully discussed Dr. Delbridge' opinion and gave "partial weight" to it because the medical evidence was inconsistent with the limitations Dr. Delbridge and others assessed. Dr. Delbridge opined that plaintiff could not repetitively lift more than twenty pounds, should lift from knee level, should not repetitively climb ladders, and should not repetitively twist and turn. (Tr. 287.) In his January 23, 2012 report, Dr. Delbridge concluded that plaintiff had an eight percent whole-body impairment (Tr. 292.)

The ALJ declined to accept the reaching limitations because Dr. Delbridge based the limitations upon plaintiff's subjective complaints, which the ALJ found non-credible. (Tr. 17.) Gates v. Astrue, 627 F.3d 1080 (8th Cir. 2005.) The ALJ noted that Dr. Delbridge appeared to overwhelmingly rely on plaintiff's subjective complaints in the face of objective medical evidence which did not substantiate Dr. Delbridge' opinion on plaintiff's limitations. See Kirby, 500 F.3d at 709 (holding that the ALJ may give less weight to a medical opinion that is based largely on subjective complaints rather than on objective medical evidence).

The ALJ stated that such restrictive limitations were inconsistent with the radiographic studies. Ibid. Moreover, the ALJ noted that one medical source,

3

nurse practitioner Ann Swisher, noted that he had normal range of motion, normal arm strength, normal muscle tone and bulk, no muscle atrophy and 5/5 muscle strength. (Tr. 299, confirmed later at 345.) Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (affirming ALJ's finding when he considered, among other things, that "there were no functional restrictions [placed on claimant] by doctors").

Regarding plaintiff's assertion that the ALJ did not sufficiently develop the record regarding his physical impairments, the ALJ did consider plaintiff's health treatment records at length, as discussed above. The ALJ also performed the required evaluation of mental impairments. Plaintiff received treatment for about six months, after which his medical sources referred him to vocational rehabilitation so that he could return to work. (Tr. 328-329.) On his final mental status examination, plaintiff denied feeling down, depressed or hopeless. (Tr. 342.) Thus, there is ample support for the ALJ's RFC findings. Lauer, 245 F.3d at 704. The court is satisfied that the existing evidence of record provided a sufficient basis for the ALJ's decision, and that the ALJ did not err on this point. In determining residual functional capacity, the ALJ permissibly relied upon substantial evidence, including the medical record, consultants, plaintiff's daily activities, all as set forth in the ALJ's decision. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005).

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

March 23, 2015

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT